SWALM *v.* PLANTERS' BANK OF BOGUE CHITTO.

[88 South. 403, No. 21620.]

JUDGMENT. *Secret agreement between assignee of loss under fire policy and mortgagee held not to defeat assignment of judgment for value.*

Where there has been a loss under a fire insurance policy, which contained a mortgage clause making the loss payable to a mortgagee, and after the fire the mortgagee assigned his interest in

the policy and loss to a bank to secure an indebtedness to the bank, and the bank afterwards, for the purpose of enabling the mortgagee to maintain a suit on the policy, delivered the policy to the mortgagee, and executed a cancellation of the assignment thereof, and suit was instituted and prosecuted to judgment by the mortgagee in his own name and right, *held*, that after the cancellation of the assignment to the bank it had no right or claim to the proceeds of the judgment which was superior to that of any other creditor, and that any secret agreement between the mortgagee and the bank that the proceeds of the judgment would be applied to the mortgagee's indebtedness to the bank amounted only to a promise to so apply it, and that an assignment of the judgment, for a valuable consideration, without notice of the claim of the bank, would not be defeated by such secret agreement.

Appeal from chancery court of Lincoln county.
· Hon. L. F. Easterling, Chancellor.

Suit by the Planters' Bank of Bogue Chitto against F. S. Swalm and another. Decree for plaintiff, and defendant named appeals. Reversed and rendered.

*Brady & Dean*, for appellant.

*P. Z. Jones*, for appellee.

No brief found in the record for counsel of either side.

Cook, J., delivered the opinion of the court.

W. A. Boyce sued the Mechanics' & Traders' Insurance Company in the circuit court of Lincoln county for a loss on a fire insurance policy, and secured a judgment for the sum of six hundred dollars, and afterwards assigned this judgment to one F. S. Swalm. Thereupon the Planters' Bank, appellee, filed its bill of complaint in the chancery court against F. S. Swalm and the Mechanics' & Traders' Insurance Company, seeking to cancel this assignment to the defendant Swalm, and seeking to be adjudged the owner of this judgment and the proceeds thereof. The in-

surance company paid the amount of the judgment into court, and was discharged, and upon final hearing there was a decree in favor of the Planters' Bank, from which the defendant Swalm prosecuted this appeal.

The complainant, the Planters' Bank, alleged in its bill that it loaned certain sums of money to W. A. Boyce, and to secure these loans Boyce transferred and assigned to the bank, as collateral security, certain promissory notes secured by deeds of trust on real estate located in the city of Brookhaven; that one of the buildings situated on this property was insured against loss by fire under a policy for six hundred dollars, issued by the defendant Mechanics' & Traders' Insurance Company; that there was attached to this policy a mortgage clause making the loss, if any, payable to W. A. Boyce, mortgagee; that at the time the notes and deeds of trust were pledged to the bank, Boyce also delivered this fire policy to the bank along with the other papers and securities; that while there was no written assignment of the insurance policy, yet in fact all the parties understood and believed that any loss sustained would inure under the policy to the benefit of the appellee as long as the indebtedness of Boyce to the bank remained unpaid and the collateral unredeemed; that on or about the 11th day of August, 1915, the residence covered by the policy in question was destroyed by fire, and on August 31, 1915, W. A. Boyce gave to the bank a written assignment or order for the proceeds of the policy, the same being as follows:

"Mechanics' & Traders' Insurance Company of New Orleans, La., Brookhaven Bank & Trust Co. and Godbold Bros., Agts., Brookhaven, Mississippi—Gentlemen: For value received, I have transferred and assigned to the Planters' Bank of Bogue Chitto, Mississippi, the proceeds of fire insurance policy number 151124, issued February 10, 1915, in favor of Miss Addie V. Marshall on her one-story, frame shingle roof building situate at number 217 West Congress street, Brookhaven, Mississippi, and which building was destroyed by fire on or about August 11,

1915, the said policy having a mortgage clause with loss payable to myself.

"You will please deliver check in settlement of this loss to the Planters' Bank of Bogue Chitto, Mississippi.

"Yours truly,          WM. A. BOYCE."

The bill further alleged that appellee and W. A. Boyce both retained P. Z. Jones, an attorney, to file suit for the collection of this insurance; that it was agreed by and between the appellee and Boyce, and the attorney representing both parties, that the suit should be filed in the name of W. A. Boyce, and in order to place the legal title in Boyce the appellee executed and delivered an instrument, cancelling or withdrawing the order to the insurance company for the payment of the proceeds of the insurance to the bank; that such instrument was placed in the hands of their attorney to be held by him, but that it was the understanding and agreement at all times that the suit should be for the use and benefit of appellee, and that the proceeds of any judgment that might be recovered in the suit against the insurance company should be applied in payment and satisfaction of the indebtedness to appellee, unless the same should be sooner paid by Boyce.

The bill further averred that, in pursuance of this agreement and understanding, suit was filed against the insurance company, and that judgment in favor of Boyce was rendered in the circuit court on the 4th day of January, 1916, and it was affirmed by this court on the 16th of April, 1917; that on the ———— day of May, 1916, in a settlement between the appellee and Boyce, credit for the full amount of this judgment was entered on the books of the bank in favor of Boyce, and that after this credit there remained a balance due the bank by Boyce.

The bill also alleged that, on March 8, 1917, Boyce pretended to assign and transfer the judgment against the insurance company to the appellant, Swalm; that this assignment was acknowledged by Boyce, and was filed among the papers in the cause; this assignment, omitting the acknowledgment, being as follows:

"State of Missouri, City of St. Louis.

"For a valuable consideration to be paid, I hereby sell, convey and assign to F. S. Swalm of Brookhaven, Mississippi, all my right, title and interest in and to a certain judgment rendered in my favor in the circuit court of Lincoln county, Mississippi, on the 4th day of January, 1916, against the Mechanics' & Traders' Insurance Company, of New Orleans, La., in the sum of six hundred dollars, costs and interest said judgment being recorded on page 356 of Minute Book 5 of the records of the circuit court of Lincoln county, Mississippi, and properly enrolled in Judgment Roll Book No. 2 in said circuit court records, said judgment having been rendered in cause No. 5121 in said circuit court of Lincoln county, Mississippi, and being filed on the docket thereof, William A. Boyce v. Mechanics' & Traders' Insurance Company.

"Witness my signature this 8th day of March, A. D. 1917.        (Signed)        WILLIAM A. BOYCE."

It was further alleged in the bill that the record of the cause as filed in the circuit court fully disclosed the equitable rights, title, and claim of appellee to the subject-matter of the litigation and to the proceeds of the judgment, and that, outside of the record, appellant had actual notice of the rights of appellee to the proceeds of this judgment; that appellant was not a *bona fide* purchaser for value without notice; that he was asserting a right to the proceeds of the judgment based solely on the assignment to him which was filed with the papers in the cause, and on the ground that appellee had no written assignment on file among the papers in the cause. The prayer of the bill was that appellee be adjudged to be the true and equitable owner of the proceeds of the judgment recovered against the defendant insurance company; that the assignment to appellant should be held to be void, and should be canceled as against appellee, and that the insurance company be required to pay the judgment to appellee.

The answer filed by appellant, Swalm, admitted the issuance of the policy of insurance, the burning of the prop-

erty, the rendition of the judgment in favor of Boyce, the execution of the assignment to appellant, and avers that appellant is a *bona fide* holder without notice of any prior adverse claim, for a valuable consideration, of an assignment of such judgment, and that appellee had no right, title, or interest in and to such judgment superior to that of appellant; all other allegations of the bill of complaint were denied.

Upon the trial of the cause the cashier of the Planters' Bank, appellee, testified that Boyce was still indebted to the bank, and he was examined in great detail as to the dealings between Boyce and the bank. He further testified that, after the execution of the assignment or order of August 31, 1915, directing the insurance company to pay the proceeds of the policy to appellee, the insurance company denied liability on the policy on the ground that, in violation of the terms of the policy, a third party had become interested in the subject of the insurance without the knowledge of the insurance company; that appellee and Boyce then jointly engaged the services of P. Z. Jones, attorney, to file suit on the policy; that, under an understanding or agreement with Boyce, appellee executed and delivered to this attorney a cancellation of the assignment and order dated August 31, 1915; this cancellation being as follows:

"Brookhaven, Mississippi,

"November 17, 1915.

"Mechanics' & Traders' Insurance Company of New Orleans, La., Brookhaven Bank & Trust Company and Godbold Bros., Agents, Brookhaven, Mississippi—Gentlemen: This is to advise that the transfer and assignment and order given you under date of August 31, 1915, signed by William A. Boyce, mortgagee, is by mutual consent canceled and withdrawn.

"Yours very truly,

"PLANTERS' BANK OF BOGUE CHITTO,

"H. E. BRISTER, Cashier."

The cashier further testified that this cancellation was only intended to forestall any technical defense the insurance company might make on account of Boyce having assigned his interest in the policy; that there was an agreement between appellee and Boyce that the suit against the insurance company should be brought in the name of Boyce, and whatever should be collected thereby should be turned over to appellee, to be applied on the indebtedness of Boyce to appellee; that as between Boyce and appellee the cancellation did not correctly represent the intention of the parties, but that this cancellation was only intended to be used in fighting the lawsuit. The appellant introduced the deposition of Boyce, and he testified that there was no secret understanding between him and appellee in reference to this cancellation; that he had fully paid all his indebtedness to appellee, and that appellee had no sort of interest in or claim to the judgment which he had assigned to appellant.

Appellant, Swalm, testified that Boyce had become indebted to him on account of a liability which he incurred by reason of becoming surety for Boyce, on certain appeal bonds; that in company with Judge P. Z. Jones he went to the courthouse to investigate the records, with a view of determining whether the records disclosed anything that might be seized and applied in liquidation of this indebtedness; that in the course of this investigation the clerk of the circuit court called the attention of himself and attorney to this judgment against the insurance company which was in the name of Boyce, and stated to them that they could "jump on" this judgment; that up to that time he had never heard of this suit against the insurance company or the judgment; that Judge Jones then stated that if he desired to pursue this judgment he would have to employ another attorney; that Judge Jones did not inform him that the bank had any claim to or interest in the judgment; that he had no knowledge whatever of any claim which the bank had to this judgment, but that he got the impression that the bank might undertake to as-

sert or acquire some interest therein, and that Judge Jones could not represent him in the matter on account of his relations with the bank as their attorney; that he at once employed other counsel to prepare an assignment of the judgment; and that this assignment was immediately forwarded to Boyce, to be executed and returned by him. Neither the circuit clerk nor Judge Jones denied appellant's version of the conversation at the courthouse in reference to this judgment.

There are several questions argued in the briefs of counsel, but we think the proper construction of the effect of the cancellation which was executed by appellee on November 17, 1915, is decisive of this case. This cancellation was executed for the purpose of placing the absolute title or claim to this insurance in Boyce, in order that he might maintain his suit for the insurance, and whatever claim or right appellee may have had by reason of the previous assignment was completely canceled by appellee's letter of November 17, 1915, and after this cancellation appellee had no right or interest in this insurance superior to any other creditor of Boyce. If Boyce and appellee had some secret agreement as to the application of the proceeds of any judgment that might be recovered against the insurance company, the testimony fails to show that appellant had any knowledge or notice of this agreement. The suit against the insurance company was instituted by Boyce in his own name and right, and was by him prosecuted to a successful conclusion as the absolute owner thereof. Any secret agreement or understanding he may have had with appellee that the proceeds of such judgment as he might recover would be applied to his indebtedness to appellee cannot amount to more than a promise to so apply it, and since, after the execution of this cancellation, appellee had no sort of lien or claim upon the amount of the recovery in the suit against the insurance company, it must stand upon this bare promise of Boyce to apply the proceeds of the judgment to his indebtedness to it. After the execution of this cancellation appellee had no right or

claim to the proceeds of this judgment which was superior to that of any other creditor, and since appellant, for a valuable consideration, has secured from Boyce an assignment of this judgment, wé conclude that this assignment is valid, notwithstanding any secret agreement or promise of Boyce to apply the proceeds of the judgment to the liquidation of an indebtedness due another creditor, and therefore the decree of the court below is reversed, and judgment entered here for appellant.

*Reversed and judgment here for appellant.*